LUKE MALLOY, an Infant, by His Guardian ad Litem, JAMES MALLOY, and JAMES MALLOY, Respondents, v. HUGH L. SCOTT, Defendant, and JOSEPH WEIDENHOFF, INC., Appellant.— In an action to recover damages for personal injuries sustained by the infant plaintiff as the result of the negligent operation of an automobile by defendant Scott, and for damages for loss of services, the complaint alleged that defendant Joseph Weidenhoff, Inc., maintained, operated and controlled the automobile and that at the time of the accident it was operated by defendant Scott for and on behalf of the corporate defendant. The appellant rested on plaintiffs' proofs and took no further part in the trial except to sum up the evidence. The question of its liability to plaintiffs, therefore, must be determined only on such proofs. (*Moshier* v. *City of New York*, 190 App. Div. 111; *Thomas* v. *Nassau Electric R. R. Co.*, 185 id. 326.) The trial resulted in a verdict for the plaintiffs against both defendants. The appeal is by the corporate defendant only. Judgment in so far as it is against the appellant, the corporate defendant, reversed on the law, with costs, and the complaint dismissed, with costs. The undisputed proof demonstrates that the corporate defendant is a foreign corporation with offices in Chicago, Ill.; that defendant Scott was connected with the corporation, selling and servicing its merchandise in the New York territory; and that he was compensated strictly on a commission basis. Scott alone paid for the main-

tenance and upkeep of the automobile, which was owned by him personally, and was free to choose his own hours of work, points of call and direction of travel. He worked from twelve to fourteen hours a day. On occasions he carried the corporate defendant's merchandise for display purposes or for delivery to the customers, but generally the shipment was made directly from Chicago to the customer. At the time of the accident Scott was on his way in the automobile to service a piece of equipment sold by him for the corporate defendant. The corporate defendant had no control over defendant Scott with respect to his use of his automobile. At the time of the accident Scott was an independent contractor and not the servant of the corporate defendant. (*Sudowski* v. *Toledo Scale Co.*, 243 App. Div. 553; *Haykl* v. *Drees*, 247 id. 90; *Fritz* v. *Krasne*, Supreme Court, New York County, N. Y. L. J. Dec. 21, 1935, p. 2556; affd., *ante*, p. 573.) Hagarty, Davis, Adel and Taylor, JJ., concur; Lazansky, P. J., dissents and votes to affirm. Assuming Scott was an independent contractor in making sales of electric equipment for defendant Joseph Weidenhoff, Inc., at the time of the accident he was proceeding to perform a duty he was required to perform for that defendant, *i. e.*, the " servicing " of equipment sold by him for that defendant. He was not a free lance in respect of that; in effect, he was acting under the direction of his principal. At the time he was not engaged in his business but in that of his codefendant. The jury was warranted in so finding. There is no dispute as to the facts in this relation; no question is raised as to negligence. The verdict should not be disturbed.